**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA**

    **vs.**      2:24-cr-135
                                   JUDGE MICHAEL H. WATSON

**HUSSEIN A. MOHAMED**

**REPORT AND RECOMMENDATION**

Defendant Hussein A. Mohamed previously pleaded not guilty to an *Indictment* charging him with three counts of bank robbery in violation of 18 U.S.C. § 2113(a) (Counts 1, 3, and 5), three counts of conspiracy to commit bank robbery in violation of 18 U.S.C. § 371 (Counts 2, 4, and 6), and one count of using, carrying, or brandishing a firearm during and in relation to the crime of violence charged in Count 5 in violation of 18 U.S.C. § 924(c)(1)(A)(i)-(ii)(Count 7). *Indictment*, ECF No. 19. The *Indictment* also includes a forfeiture provision. *Id*. The United States and defendant thereafter entered into a *Plea Agreement*, ECF No. 30,[1] executed pursuant to the provisions of Rule 11(c)(1)(A) and(B) of the Federal Rules of Criminal Procedure, whereby defendant agreed to enter a plea of guilty to all counts of the I*ndictment*. On March 19, 2025, defendant personally appeared with his counsel for a change of plea proceeding.

Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge. *See United States v. Cukaj,* 25 Fed.Appx. 290, 291(6th Cir. 2001)(Magistrate Judge may accept a guilty

---

[1] The *Plea Agreement* contains an appellate waiver that preserves only certain claims for appeal, collateral challenge, and motion for reduction of sentence. In the *Plea Agreement,* defendant agreed to the forfeiture provision in the *Indictment.* Defendant, who testified that he is a naturalized United States citizen, also acknowledged that no party to the *Plea Agreement* can confidently predict what effect, if any, his guilty plea might have on his United States citizenship. If he is not a United States citizen, his guilty plea will almost certainly result in his deportation and removal from the United States, the denial of future reentry into the United States, and the denial of United States citizenship. Defendant affirmatively stated, however, that he wished to proceed with his guilty plea under these circumstances.

1

plea with the express consent of the defendant and where no objection to the report and recommendation is filed).

During the plea proceeding, the undersigned observed the appearance and responsiveness of defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the time he entered his guilty plea, defendant was in full possession of his faculties, was not suffering from any apparent physical or mental illness and was not under the influence of narcotics, other drugs, or alcohol.

Prior to accepting defendant's plea, the undersigned addressed defendant personally and in open court and determined his competence to plead.  Based on the observations of the undersigned, defendant understands the nature and meaning of the charges in the *Indictment* and the consequences of his plea of guilty to those charges. Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that defendant's plea is voluntary.  Defendant acknowledged that the *Plea Agreement* filed on March 3, 2025, represents the only promises made by anyone regarding the charges in the *Indictment*.[2] Defendant was advised that the District Judge may accept or reject the *Plea Agreement* and that all sentencing terms will be determined by the District Judge. Defendant was further advised that, even if the District Judge refuses to accept any provision of the *Plea Agreement* not binding on the Court, or if the sentence imposed is more severe than the sentence that defendant expected, defendant may nevertheless not withdraw his guilty plea on that basis.

Defendant confirmed the accuracy of the statement of facts supporting the charges, which is attached to the *Plea Agreement*.  He

---

[2] The *Plea Agreement* and the *Statement of Facts* attached to the *Plea Agreement* were signed, not by defendant, but by his attorney. Defendant expressly testified at the change of plea proceeding that, after having fully reviewed the documents with his counsel, he authorized his attorney to sign

confirmed that he is pleading guilty to Counts 1-7 of the *Indictment* because he is in fact guilty of those crimes. The Court concludes that there is a factual basis for the plea.

The Court concludes that defendant's plea of guilty to Counts 1-7 of the *Indictment* is knowingly and voluntarily made with understanding of the nature and meaning of the charges and of the consequences of the plea.

It is therefore **RECOMMENDED** that defendant's guilty plea to Counts 1-7 of the *Indictment* be accepted. Decision on acceptance or rejection of the *Plea Agreement* was deferred for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office. Defendant will be asked to provide information; defendant's attorney may be present if defendant so wishes. Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a forfeiture of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.*

---

the documents on defendant's behalf.

*See United States v. Wandahsega,* 924 F.3d 868, 878 (6th Cir. 2019); *Thomas v. Arn,* 474 U.S. 140 (1985).

| | |
|---|---|
| March 19, 2025<br>Date | *s/  Norah McCann King*<br>Norah McCann King<br>United States Magistrate Judge |

4